FILED
IN CLERKS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS 2004 MAY 19 A 10: 19

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| CHARLENE PARADISE, ADMINISTRATRIX OF THE ESTATE OF PATRICK W. McTAGUE | : : : | PROBATE AND FAMILY COURT |
| Plaintiff, | : : | **04-40078-NMG** |
| v. | : : | |
| KEVIN McTAGUE and FORTIS BENEFITS INSURANCE COMPANY | : : | DOCKET NO. 04 E0034-GCL |
| Defendant. | : | |

## NOTICE OF REMOVAL

Fortis Benefits Insurance Company ("Fortis Benefits"), by and through its attorneys, timely files this Notice of Removal pursuant to 28 U.S.C. §1331, 29 U.S.C. §1132(e) and 28 U.S.C. §1441(a), (b) and (c) removing the above-captioned action from the Commonwealth of Massachusetts, Probate and Family Court to the United States District Court for the District of Massachusetts and in support of this Notice avers as follows:

1. The above-captioned action was commenced by Plaintiff in the Commonwealth of Massachusetts, Probate and Family Court, on or about April 14, 2004. A true and correct copy of the Complaint is attached hereto as Exhibit "A."

2. Service of the Complaint was made upon Fortis Benefits on April 20, 2004.

3. Upon information and belief, co-defendant, Kevin McTague has not been served.

4. This action involves a claim for benefits under Fortis Benefit's life insurance policy number 4037467 (the "policy").

0680933.01

FILING FEE PAID:
RECEIPT # 404324
AMOUNT $ 150.00
BY DPTY CLK [signature]
DATE 5-19-04

5. The policy was established and maintained by Patrick W. McTague's ("decedent") employer as an employee welfare benefit plan.

6. This plan is subject to and governed by the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et. seq.

7. A cause of action filed in state court seeking recovery of benefits under an employee welfare benefit plan is removable to federal court pursuant to 28 U.S.C. §1441 (c) as an action arising under a federal law. *See Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58 (1987); *Pilot Life Insurance Company v. Dededaux*, 481 U.S. 41 (1987).

8. This court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132 (e). As a civil action founded upon a claim of right arising under the laws of the United States, this action may be removed to this court pursuant to the provisions of 28 U.S.C. §1441(a), (b) and (c).

9. This Notice of Removal is being filed within thirty (30) days of defendant's receipt of the Complaint as required by 28 U.S.C. §1446(b).

10. No pleadings, process or orders other than the Complaint have been served on defendant and therefore no other pleadings, process or orders are attached to this Notice as required by 28 U.S.C. §1446(a).

11. All fees required by law in connection with this notice have been filed by Defendant.

0680933.01

WHEREFORE, Defendant, Fortis Benefits Insurance Company removes the above-captioned matter now pending in the Commonwealth of Massachusetts, Probate and Family Court, to the United States District Court for the District of Massachusetts.

RAWLE & HENDERSON, LLP

By: _____
Gary N. Stewart, Esquire
B.B.O. # 562537
25 North Front Street, 1st Floor
Harrisburg, PA 17101
Attorneys for Defendant
Fortis Benefits Insurance Company
(717) 234-7700
(717) 234-7710 - Fax

Date: 5-18-04

0680933.01

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant, Fortis Benefits Insurance Company, hereby certifies that on this date a true and correct copy of the Notice of Removal of Plaintiff's Complaint was served by first class mail, postage prepaid, to the following:

Carolyn R. Henderson, Esquire
285 Main Street
Worcester, MA  01608

Kevin McTague
404 Treasure Island
Webster, MA  01570

By: _____
Gary N. Stewart, Esquire

Date: 5-18-04

0680933.01

# EXHIBIT "A"




# COMMONWEALTH OF MASSACHUSETTS
## Office of Consumer Affairs and Business Regulation
### DIVISION OF INSURANCE
One South Station - Boston, MA 02110-2208
617-521-7794 · FAX (617) 521-7475
Springfield Office (413) 785-5526
TTY/TDD (617) 521-7490
http://www.state.ma.us/doi

MITT ROMNEY
GOVERNOR

KERRY HEALEY
LIEUTENANT GOVERNOR

BETH LINDSTROM
DIRECTOR, CONSUMER AFFAIRS
AND BUSINESS REGULATION

JULIANNE M. BOWLER
COMMISSIONER OF INSURANCE

April 20, 2004

FORTIS BENEFITS INSURANCE COMPANY
Compliance Officer Corporate Compliance Dept., 3rd Fl.
2323 Grand Blvd.
Kansas City, MO 64108-4615

To Whom It May Concern:

Enclosed please find legal process served upon the Commissioner of Insurance as attorney for a foreign company as provided for in Massachusetts General Laws, c. 175, §154 and §151(3).

Sincerely,

Stacy Siegan
Administrative Assistant
Office of the General Counsel

Enclosure(s)

COMMONWEALTH OF MASSACHUSETTS

Worcester _____ ss.

PROBATE COURT
No. __04P0034-GC1__

|  | Charlene Paradise, _____ Plaintiff |  |
|---|---|---|
|  | Administratrix of the Estate of |  |
|  | Patrick W. McTague v. | Summons |
|  |  |  |
|  | Kevin McTague and _____ Defendants |  |
|  | Fortis Benefits Insurance Company |  |

To the above-named Defendant:

    You are hereby summoned and required to serve upon __Carolyn R. Henderson__, plaintiff's attorney, whose address is __285 Main Street, Worcester, MA 01608__, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you. You are also required to file your answer to the complaint in the office of the Register of this Court at _____Worcester_____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13 (a), Mass. R. Civ. P., your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of plaintiff's claim or you will thereafter be barred from making such claim in any other action.

    Witness _____Joseph L. Hart, Jr._____, Esquire, First Judge of said Court at _____Worcester_____.

__April 14, 2004__ , 2004

                                               _[signature]_
                                             Register of Probate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Register's Office.

CJ 210 (1/76)

COMMONWEALTH OF MASSACHUSETTS

PROBATE COURT
No. 04E0034-GC1

Worcester _____ ss.

Charlene Paradise, _____ Plaintiff
Administratrix of the Estate of Patrick W. McTague

v.

Kevin McTague and Fortis Benefits   Defendants
Insurance Company

Summons

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ___April 20___, 20 04, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant in the following manner: _By first-class mail to Fortis Benefits_ _Insurance Company at 2323 Grand Boulevard, Kansas City_ _MO, 64108-4615_

Dated: __4/20__, 20 04    _Stacy Siegan_
                                  (Stacy Siegan)

N.B. TO PROCESS SERVER:-

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT ON THIS LINE ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

DIVISION OF INSURANCE
APR 2 0 2004
RECEIVED
OFFICE OF THE
GENERAL COUNSEL

_____, 20 ___

Notes:

1. This summons is issued pursuant to Mass. R. Civ. P. 4.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS                                   PROBATE & FAMILY COURT
                                                DOCKET NO. 04E0034-GC1

CHARLENE PARADISE,                  )
ADMINISTRATRIX OF THE ESTATE        )
OF PATRICK W. MCTAGUE               )
        PLAINTIFF                   )
V.                                  ) COMPLAINT IN EQUITY
                                    )
KEVIN MCTAGUE                       )
        DEFENDANT                   )
                                    )
FORTIS BENEFITS INSURANCE COMPANY   )
        DEFENDANT                   )

Now comes the Plaintiff in the above-entitled matter and moves this Court to enter relief for the following reasons:

1. The Plaintiff was appointed Administratrix of the Estate of her son, Patrick W. McTague on October 22, 2003.

2. Mr. McTague died intestate with no spouse or children.

3. The next of kin according to the intestacy laws of the Commonwealth of Massachusetts are Patrick's parents, Charlene Paradise and Kevin McTague who are divorced.

4. The only asset in Mr. Patrick McTague's estate is a group life insurance policy in the amount of $34,000.00 with Fortis Benefits Insurance Company offered as a benefit of his employment.

5. A beneficiary of the policy was never named prior to Mr. McTague's death.

6. The debts and liabilities of the estate, including all the funeral-related costs and expenses, amount to almost $30,000.00.

7. Mrs. Paradise accepted the responsibility for all the funeral related expenses and Mr. Kevin McTague has refused to assume or offered to accept any responsibility for any of these costs.

8. Mrs. Paradise requested that the Fortis Benefits Insurance Company send her the full amount of the policy as the appointed Administratrix of Patrick's estate so she could pay all the debts and expenses and then distribute/split the balance, if any, to the heirs at law, Mr. Kevin McTague and herself.

9. The Fortis Benefits Insurance Company states there is a clause in their policy that specifically allows them to send the proceeds of the policy to the next of kin, according to the intestacy laws of the particular state, if there is not a named beneficiary of the policy.

10. Fortis Benefits Insurance Company has stated that it fully intends to follow the clause in the group policy and submit the remaining ½ of the policy directly to Mr. Kevin McTague. Mr. Mctague has refused to honor the remaining debts and funeral expenses of his deceased son.

10. The Fortis Benefits Insurance Company agreed to send Mrs. Paradise her share of the life insurance policy to pay for the funeral expenses until the Court offers its opinion on whether it should send the balance to her to pay the remainder of the debt or to her ex-husband, as next of kin.

WHEREFORE, the Plaintiff, Mrs. Charlene Paradise, requests that the Court order the Fortis Benefits Insurance Company to pay her the entire amount of the group life insurance policy so that she may pay all of the estate's debts and expenses as Administratrix of the Estate of her son, Patrick W. McTague, and order her ex-husband to pay over to her any proceeds that might be sent to him prior to an order of the Court to make said payments.

Respectfully Submitted
Charlene Paradise
By her attorney

Carolyn R. Henderson
285 Main Street
Worcester, MA 01608
Tel: (508) 756-4478
BBO# 631652

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS                                PROBATE & FAMILY COURT
                                             DOCKET NO. 04E0034-GC1

CHARLENE PARADISE,                          )
ADMINISTRATRIX OF THE ESTATE                )
OF PATRICK W. MCTAGUE                       )
           PLAINTIFF                        )
V.                                          ) COMPLAINT IN EQUITY
                                            )
KEVIN MCTAGUE                               )
           DEFENDANT                        )
                                            )
FORTIS BENEFITS INSURANCE COMPANY           )
           DEFENDANT                        )

Now comes the Plaintiff in the above-entitled matter and moves this Court to enter relief for the following reasons:

1. The Plaintiff was appointed Administratrix of the Estate of her son, Patrick W. McTague on October 22, 2003.

2. Mr. McTague died intestate with no spouse or children.

3. The next of kin according to the intestacy laws of the Commonwealth of Masachusetts are Patrick's parents, Charlene Paradise and Kevin McTague who are divorced.

4. The only asset in Mr. Patrick McTague's estate is a group life insurance policy in the amount of $34,000.00 with Fortis Benefits Insurance Company offered as a benefit of his employment.

5. A beneficiary of the policy was never named prior to Mr. McTague's death.

6. The debts and liabilities of the estate, including all the funeral-related costs and expenses, amount to almost $30,000.00.

7. Mrs. Paradise accepted the responsibility for all the funeral related expenses and Mr. Kevin McTague has refused to assume or offered to accept any responsibility for any of these costs.

8. Mrs. Paradise requested that the Fortis Benefits Insurance Company send her the full amount of the policy as the appointed Administratrix of Patrick's estate so she could pay all the debts and expenses and then distribute/split the balance, if any, to the heirs at law, Mr. Kevin McTague and herself.

9. The Fortis Benefits Insurance Company states there is a clause in their policy that specifically allows them to send the proceeds of the policy to the next of kin, according to the intestacy laws of the particular state, if there is not a named beneficiary of the policy.

10. Fortis Benefits Insurance Company has stated that it fully intends to follow the clause in the group policy and submit the remaining ½ of the policy directly to Mr. Kevin McTague. Mr. Mctague has refused to honor the remaining debts and funeral expenses of his deceased son.

10. The Fortis Benefits Insurance Company agreed to send Mrs. Paradise her share of the life insurance policy to pay for the funeral expenses until the Court offers its opinion on whether it should send the balance to her to pay the remainder of the debt or to her ex-husband, as next of kin.

WHEREFORE, the Plaintiff, Mrs. Charlene Paradise, requests that the Court order the Fortis Benefits Insurance Company to pay her the entire amount of the group life insurance policy so that she may pay all of the estate's debts and expenses as Administratrix of the Estate of her son, Patrick W. McTague, and order her ex-husband to pay over to her any proceeds that might be sent to him prior to an order of the Court to make said payments.

Respectfully Submitted
Charlene Paradise
By her attorney

Carolyn R. Henderson
285 Main Street
Worcester, MA 01608
Tel: (508) 756-4478
BBO# 631652

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**04-40078-NMG**

### I.(a) PLAINTIFFS
Charlene Paradise, Administratrix Estate of Patrick McTague and

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Carolyn R. Henderson, Esq.
285 Main Street
Worcester, MA 01608
508-756-4478

### DEFENDANTS
Fortis Benefits Insurance Company

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

ATTORNEYS (IF KNOWN) Gary N. Stewart, Esquire

Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107
(215) 575-4200

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES
For diversity cases only (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated or Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

### IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury-- Med Malpractice | ☐620 Other Food&Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐365 Personal Injury-- Product Liability | ☐625 Drug Related Seizure of Property 21, USC 881 | **PROPERTY RIGHTS** | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault, Libel & Slander | ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | ☐820 Copyrights | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employer's Liability | | ☐640 R.R. & Truck | ☐830 Patent | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | **PERSONAL PROPERTY** | ☐650 Airline Regs | ☐840 Trademark | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Exc. Veterans) | ☐345 Marine Product Liability | ☐370 Other Fraud | ☐Occupational Safety/Health | | ☐810 Selective Service |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle | ☐371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐850 Securities/Commodities/Exchange |
| ☐160 Stockholder's Suits | ☐355 Motor Vehicle Product Liability | ☐380 Other Personal Property Damage | ☐710 Fair Labor Standards Act | ☐861 HIA (1395FF) | ☐875 Customer Challenge 12 USC 3410 |
| ☐190 Other Contract | ☐360 Other Personal Injury | ☐385 Property Damage Product Liability | ☐720 Labor/Mgmt. Relations | ☐862 Black Lung (923) | ☐891 Agricultural Acts |
| ☐195 Contract Product Liability | | | ☐730 Labor/Mgmt. Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐893 Environmental Matters |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motions to Vacate Sentence | ☐790 Other Labor Litigation | ☐865 RIS (405(g)) | ☐894 Energy Allocation Act |
| ☐220 Foreclosure | ☐442 Employment | **HABEAS CORPUS:** | ☐791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐895 Freedom of Information Act |
| ☐230 Rent Lease & Ejectment | ☐443 Housing/Accommodations | ☐530 General | | ☐870 Taxes (U.S. Plaintiff or Defendant) | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐240 Torts to Land | ☐444 Welfare | ☐535 Death Penalty | | | ☐950 Constitutionality of State Statutes |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐540 Mandamus & Other | | ☐871 IRS – Third Party 26 USC 7609 | ☐890 Other Statutory Actions |
| ☐290 All Other Real Property | | ☐550 Civil Rights | | | |

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATURE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

**Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. Sections 1001 et seq.**

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

### VIII. RELATED CASE(S) IF ANY
(See Instructions): JUDGE ____ DOCKET NUMBER ____

DATE: 5-18-04    SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # ____ AMOUNT $ ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Charlene Paradise, vs. Kevin McTague__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   **04-40078**

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [x] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [x]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [ ]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [x]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [x]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Gary N. Stewart, Esquire__            56253 7
ADDRESS __25 N. Front St., 1st Flr., Harrisburg, PA 17010__
TELEPHONE NO. __717-234-7700__

(Coversheetlocal.wpd - 10/17/02)