IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CHARLENE PARADISE,
ADMINISTRATRIX OF THE ESTATE
OF PATRICK W. MCTAGUE

v.

KEVIN MCTAGUE and

FORTIS BENEFITS INSURANCE COMPANY

04-40078-NMG

## ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

Fortis Benefits Insurance Company ("Fortis Benefits"), by and through its undersigned counsel hereby answers plaintiff's Complaint and asserts affirmative defenses as follows:

1. Fortis Benefits lacks knowledge or information sufficient to form a belief as to the allegations within this paragraph.

2. Admitted in part. It is admitted only that Patrick McTague has died. Fortis Benefits lacks knowledge or information sufficient to form a belief as to the remaining allegations within this Complaint.

3. The allegations within this paragraph are conclusions of law to which no response is required.

4. Fortis Benefits lacks knowledge or information sufficient to form a belief as to the allegations within this paragraph.

5. Admitted.

6. Fortis Benefits lacks knowledge or information sufficient to form a belief as to the allegations within this paragraph.

976255 v.1

7. Fortis Benefits lacks knowledge or information sufficient to form a belief as to the allegations within this paragraph.

8. Admitted.

9. Admitted.

10. Admitted in part and denied in part. It is admitted only that Fortis Benefits has submitted one-half of the benefits due under the policy to Kevin McTague. Fortis Benefits lacks knowledge or information sufficient to form a belief as to the remaining allegations within this paragraph of the Complaint.

10 (sic). Admitted in part and denied in part. It is admitted only that Fortis Benefits agreed to forward the portion of benefits due under the policy to Ms. Paradise to her attention. It is denied that Fortis Benefits has agreed to continue to hold the balance of the benefits due under the policy. By way of further response, the remaining portion of the benefits due under the policy have been paid to Kevin McTague.

WHEREFORE, Fortis Benefits Insurance Company respectfully requests that this court enter judgment in its favor and against plaintiff.

## AFFIRMATIVE DEFENSES

1. The policy at issue in this Complaint is governed by ERISA.

2. Prior to his death, decedent failed to designate a beneficiary who would be entitled to receive benefits due under the policy in the event of his death.

3. Fortis Benefits' policy contains a provision providing that if no beneficiary is named, benefits shall be paid under the policy pursuant to the applicable intestacy laws.

4. Upon information and belief, at the time of decedent's death, decedent's parents were entitled to an equal portion of the benefits due under the policy pursuant to the applicable

976255 v.1

intestacy laws.

5. Fortis Benefits had paid 50% of the benefits due under the policy to plaintiff and has paid the remaining 50% of the benefits due under the policy to Kevin McTague, decedent's father.

6. Fortis Benefits' payment of benefits due under the policy was made in accordance with the policy and the applicable intestacy laws.

7. All benefits due under the policy have been paid.

WHEREFORE, Fortis Benefits Insurance Company respectfully request that this court enter judgment in its favor and against plaintiff.

RAWLE & HENDERSON, LLP

By: _____
Gary N. Stewart, Esquire
B.B.O. # 562537
25 North Front Street, 1st Floor
Harrisburg, PA  17101
Attorneys for Defendant
Fortis Benefits Insurance Company
(717) 234-7700
(717) 234-7710 - Fax

5-18-04

976255 v.1

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant, Fortis Benefits Insurance Company, hereby certifies that on this date a true and correct copy of the Answer to Plaintiff's Complaint with Affirmative Defenses was served by first class mail, postage prepaid, to the following:

Carolyn R. Henderson, Esquire
285 Main Street
Worcester, MA  01608

Kevin McTague
404 Treasure Island
Webster, MA  01570

By: _____
Gary Stewart, Esquire

Date: 5-18-04

976255 v.1