FILED
[CLERK'S] OFFICE

COMMONWEALTH OF MASSACHUSETTS

2004 JUN -1 P 1: 02

WORCESTER, SS            PROBATE & FAMILY COURT
                                      DOCKET NO. 03P2787EP1

CHARLENE PARADISE, )
ADMINISTRATRIX OF THE ESTATE )
OF PATRICK W. MCTAGUE )
         PLAINTIFF ) AMENDED
V. ) COMPLAINT IN EQUITY
                                      )
KEVIN MCTAGUE )
         DEFENDANT )
                                      )

Now comes the Plaintiff in the above-entitled matter and moves this Court to enter relief for the following reasons:

1. The Plaintiff was appointed Administratrix of the Estate of her son, Patrick W. McTague on October 22, 2003.

2. Mr. McTague died intestate with no spouse or children.

3. The next of kin according to the intestacy laws of the Commonwealth of Masachusetts are Patrick's parents, Charlene Paradise and Kevin McTague who are divorced.

4. The only asset in Mr. Patrick McTague's estate is a group life insurance policy in the amount of $34,000.00 with Fortis Benefits Insurance Company offered as a benefit of his employment.

5. A beneficiary of the policy was never named prior to Mr. McTague's death.

6. The debts and liabilities of the estate, including all the funeral-related costs and expenses, amount to almost $30,000.00.

7. Mrs. Paradise accepted the responsibility for all the funeral related expenses and Mr. Kevin McTague has refused to assume or offered to accept any responsibility for any of these costs.

8. Mrs. Paradise requested that the Fortis Benefits Insurance Company send her

the full amount of the policy as the appointed Administratrix of Patrick's estate so she could pay all the debts and expenses and then distribute/split the balance, if any, to the heirs at law, Mr. Kevin McTague and herself.

9. The Fortis Benefits Insurance Company states there is a clause in their policy that specifically allows them to send the proceeds of the policy to the next of kin, according to the intestacy laws of the particular state, if there is not a named beneficiary of the policy.

10. Fortis Benefits Insurance Company has stated that it fully intends to follow the clause in the group policy and submit the remaining ½ of the policy directly to Mr. Kevin McTague. Mr. McTague has refused to honor the remaining debts and funeral expenses of his deceased son.

11. The Fortis Benefits Insurance Company agreed to send Mrs. Paradise her share of the life insurance policy to pay for the funeral expenses. They have not yet sent the other ½ to Mr. McTague.

WHEREFORE, the Plaintiff, Mrs. Charlene Paradise, as Administratrix of the Estate of her son, Patrick W. McTague, requests that the Court order her ex-husband to pay her any insurance proceeds he receives prior to an order of the Court, so she may be reimbursed and account for payment of all of the estate's debts and expenses.

                                      Respectfully Submitted
                                      Charlene Paradise
                                      By her attorney

                                      _____
                                      Carolyn R. Henderson
                                      285 Main Street
                                      Worcester, MA 01608
                                      Tel: (508) 756-4478
                                      BBO# 631652

Dated: May 28, 2004

## CERTIFICATE OF SERVICE

The undersigned counsel for Plaintiff, Charlene Paradise, hereby certifies that on this date a true and correct copy of an Amended Complaint In Equity was served by first class mail, postage prepaid, to the following:

James F. Connors, Esquire
58 Oliver Street
P.O. Box 7592
Fitchburg, MA 01420

Gary N. Stewart, Esquire
25 N. Front Street, 1st Floor
Harrisburg, PA 17101